IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRIN N. SMITH, # B-78535,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-1150-JPG |
| | ) |
| **SALVADORE GODINEZ,** | ) |
| **RICHARD HARRINGTON,** | ) |
| **GAIL WALLS, ANGELA CRAIN,** | ) |
| **DR. FUENTES, and DR. NWOABASI,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tyrin Smith, an inmate at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges claims against Salvadore Godinez (director of the Illinois Department of Corrections); Richard Harrington (warden at Menard); Gail Walls (acting health care administrator); Angela Crain (RN and nursing supervisor); Dr. Fuentes (a healthcare provider at Menard); and Dr. Nwaobasi (another healthcare provider at Menard). (Doc. 1). Plaintiff claims that Defendants have repeatedly refused to provide adequate medical treatment for Plaintiff's severely prolapsed hemorrhoid. *Id*. at 13. Plaintiff seeks monetary relief.

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff has submitted a lengthy complaint, which contains a detailed discussion of his medical conditions, his attempts to secure medical treatment, and his various efforts to file grievances regarding the situation. For the purpose of the Court's threshold review, the following facts are relevant.

Since 2010, Plaintiff has suffered from hemorrhoids. (Doc. 1, p. 13). From 2010 until 2014, Plaintiff was examined multiple times by Drs. Fuentes and Nwaobosi at the Health Care Unit ("HCU") at Menard.[1] *Id*. During that time, Plaintiff maintains that not only was his medical condition not properly treated, but the prescribed treatments actually caused his condition to worsen. *Id*. at 21. In mid-2011, Plaintiff states that his condition worsened from a small internal hemorrhoid to a severely prolapsed/thrombosis hemorrhoid, which was bloody and swollen and protruded nearly two inches outside of the anal cavity. *Id*. at 16. Plaintiff asserts that he needlessly suffered through this extremely painful condition because neither Dr. Fuentes nor Dr. Nwaobosi would order surgery for Plaintiff. According to Defendant Nwaobosi, Plaintiff's request for surgery was denied because of cost and/or security considerations. *Id*. at 13.

It was not until Plaintiff saw Dr. Trost, a new doctor at Menard, that Plaintiff was able to obtain any relief. Dr. Trost examined Plaintiff for the first time on March 24, 2014. *Id*. at 15. Plaintiff claims that Dr. Trost immediately insisted that Plaintiff be sent out to a hospital that

---

[1] Between July 26, 2010 and November 2, 2011, Plaintiff visited the Health Care Unit at Menard twelve times seeking treatment for his condition. Plaintiff states that he visited the Health Care Unit many times after November 2, 2011, but he has not yet been able to obtain his medical records for this later period. Medical records prior to 2012 are attached to the complaint.

very day, because the condition was too advanced to be treated at Menard. *Id*. Plaintiff was taken to Chester Memorial Hospital that same day and seen by two doctors on staff who concurred with Dr. Trost that Plaintiff's condition warranted immediate surgery. Plaintiff was prepped for surgery that same day, but for scheduling reasons, it had to be delayed. One of the outside doctors prescribed Vicodin for Plaintiff to help treat the pain, but the healthcare providers at Menard refused to fill it, and instead continued to prescribe Plaintiff Ibuprofen, which is contraindicated for treatment of hemorrhoids. On April 2, 2014, Plaintiff was seen by another outside doctor, Dr. Brewer, who performed the needed surgery on Plaintiff two days later. *Id*.

Prior to the surgery and thereafter, outside doctors advised Plaintiff that he needed to eat a high-fiber diet and wrote a prescription ordering such. *Id*. at 26. When Plaintiff gave the prescription to Defendant Fuentes, she said, "You don't need this stuff." *Id*. at 26. When Plaintiff protested, Defendant Fuentes responded, "Get out of here." *Id*. Likewise, when Plaintiff asked Defendant Nwoabasi about a high-fiber diet, Nwoabasi said, "Menard does have peanut butter, bran cereal, fruit, you just won't get it." *Id*. at 27. On April 18, 2014, Plaintiff saw Dr. Brewer for a post-surgery check-up. *Id*. at 13. Dr. Brewer noted that Plaintiff was healing fine except for a bit of swelling. Dr. Brewer told Plaintiff that he "must" implement a high-fiber diet to prevent a reoccurrence of the condition. Dr. Brewer wrote Plaintiff another prescription for a high-fiber diet and Colace. *Id*. at 13. However, Plaintiff never received a high-fiber diet. *Id*. at 27. When Dr. Trost inquired on Plaintiff's behalf, he was told that Plaintiff would have to change his religion to receive a high-fiber diet. *Id*.

Plaintiff further recounts his diligent attempts to access medical assistance through the inmate grievance process. The exhibits document a series of grievances filed up the chain of

command. For example, in August 2011, Plaintiff filed an emergency grievance requesting appropriate medical treatment. *Id*. at Ex. 75. Defendant Gail Walls, acting health care administrator, reviewed Plaintiff's medical records and responded, "There is no indication by the health care professionals that have evaluated your complaint that you have a need for surgical intervention at this time." *Id*. at Ex. 76. Plaintiff filed another emergency grievance in September 2011, which was also denied. *Id*. at Ex. 79. Defendant Harrington concurred in denying that grievance. *Id*. at 23. Following his surgery in April 2014, Plaintiff filed a grievance on April 18, 2014 requesting a high-fiber diet. On July 2, 2014, Defendant Crain, nursing supervisor, responded, "I have received your grievance and reviewed the medical record and offer the following. . . .You have been treated conservatively for hemorrhoids since 2010 with documentation of improvement and exacerbation. The discharge instructions from the hospital do discuss High Fiber Diet. You have been prescribed fiber-lax tablets to help supplement the fiber you may not get through your diet." *Id*. at Ex. 99. At the time Plaintiff filed the complaint, he still was not receiving a high-fiber diet. *Id*. at 27.

## Discussion

To plead an Eighth Amendment medical needs claim, a complaint must allege two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *See Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006); *see also Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011). The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). To establish that an official acted with deliberate indifference, a plaintiff "must demonstrate that prison officials

acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Specifically, officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996); *Perkins v. Johnston*, 431 F. Supp. 2d 898, 901-02 (N.D. Ind. 2006).

Accepting Plaintiff's allegations as true, as the Court must at this stage, the Court finds that Plaintiff has pled facts demonstrating that he suffered from an objectively serious medical condition. The question, therefore, is whether the named Defendants acted with the requisite intent to be held individually liable. The Court will consider each set of Defendants below.

Defendants Fuentes and Nwoabasi (medical doctors) treated Plaintiff from 2010 to 2014. According to the complaint, they were well aware of Plaintiff's painful and worsening medical condition, and yet they continually failed to provide appropriate medical treatment. In addition, following Plaintiff's surgery, Defendants Fuentes and Nwoabasi refused to assist Plaintiff with obtaining a high-fiber diet, which had been ordered by two different outside doctors. These facts, if true, suggest that Drs. Fuentes and Nwoabasi acted with deliberate indifference to Plaintiff's serious medical needs. Plaintiff may proceed on his claim for damages against Defendants Fuentes and Nwoabasi at this time.

It appears from the complaint that Plaintiff seeks to hold Defendants Walls (acting health care administrator), Defendant Crain (nursing supervisor), Richard Harrington (warden at

Menard), and Salvadore Godinez (director of the Illinois Department of Corrections) liable for condoning Drs. Fuentes and Nwoabasi's deliberate indifference to Plaintiff's serious medical need.

While the doctrine of respondeat superior does not apply to § 1983 actions, *see Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)), where a defendant has been alleged to have directed the conduct or to have given knowing consent to the conduct which caused the constitutional violation, that defendant has sufficient personal involvement to be responsible for the violation, even though that defendant has not participated directly in the violation. *Chavez*, 251 F.3d at 652; *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may then be liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")).

Defendants Walls, Crain, and Harrington were advised of Plaintiff's condition through grievances Plaintiff filed and each reviewed and condoned a course of treatment that was ill-advised. The extent to which each of these Defendants was aware of Plaintiff's medical condition remains to be seen. But it would be premature to dismiss them at this time. Therefore, Defendants Walls, Crain, and Harrington shall remain as defendants at this time.

Lastly, Plaintiff also lists Godinez (director of the Illinois Department of Corrections) as a defendant, but makes no specific allegations against him in the body of the complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are

put on notice of the claims brought against them and in order for them to properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Plaintiff has not alleged that Defendant Godinez is "personally responsible for the deprivation of a constitutional right." *Id*. And, as discussed above, an individual cannot be held liable solely because he supervised a person who caused a constitutional violation. Plaintiff does not suggest that Godinez was made aware of his situation or that Godinez condoned the actions of any of the defendants. Accordingly, Defendant Godinez, in his individual capacity, shall be dismissed from this action without prejudice.

It does not appear that Plaintiff is seeking injunctive relief. Plaintiff states that he was never provided a high-fiber diet, but he makes no mention of it in his prayer for relief. Therefore, the Court will not consider a claim for injunctive relief. In addition, Plaintiff mentions a couple of unknown individuals (i.e., the HCU administrator after Gail Walls and the dietary supervisor), but it is unclear whether he wishes to press a claim against any of these unnamed individuals. If Plaintiff wishes to amend his complaint to add a request for injunctive relief or to add additional defendants, he is advised that any proposed amendments or supplements to his complaint must be properly filed pursuant to Federal Rule of Civil Procedure 15(a) or (d). In addition, pursuant to Southern District of Illinois Local Rule 15.1, the proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed. The Court will not accept piecemeal amendments to the original complaint.

In summary, Plaintiff may proceed on his Eighth Amendment claim against Defendants Fuentes, Nwoabasi, Walls, Crain, and Harrington in their individual capacities only. Defendant Godinez is dismissed from this matter without prejudice.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to a United States Magistrate Judge for further consideration.

Plaintiff's motion for service of process at government expense (Doc. 4) is unnecessary and, therefore, **DENIED** as **MOOT**.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his Eighth Amendment claim for damages against Defendants **FUENTES, NWOABASI, WALLS, CRAIN,** and **HARRINGTON** in their individual capacities only. Defendant **GODINEZ** is **DISMISSED** without prejudice.

The Clerk of Court shall prepare for Defendants **FUENTES, NWOABASI, WALLS, CRAIN,** and **HARRINGTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by

Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 19, 2014**

*s/J. Phil Gilbert*
United States District Judge