IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TYRIN N. SMITH, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Civil Case No.   14-cv-01150-SMY-PMF |
| | ) |
| RICHARD HARRINGTON, et al., | ) |
| | ) |
|        Defendants. | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions for summary judgment filed by defendants Angela Crain, Richard Harrington, Gail Walls (Doc. No. 49), Dr. Fe Fuentes, and Dr. Samuel Nwaobasi (Doc. No. 53). Plaintiff Tyrin Smith is challenging the conditions he experienced while he was confined at Pinckneyville Correctional Center, alleging that these defendants violated the Eighth Amendment when they responded with deliberate indifference to his serious medical need for treatment of hemorrhoids. The motions seek dismissal for failure to exhaust administrative remedies, an affirmative defense raised in the answers on file (See Doc. Nos. 20, 39, 40). The motions are opposed (Doc. Nos. 56, 58). A reply is on file (Doc. No. 59). Because the material facts pertaining to the exhaustion analysis are not in dispute, an evidentiary hearing has not been held.

    **I.   Timeliness**

Plaintiff challenges the timeliness of the second motion, filed by defendants Fuentes and Nwaobasi, saying the motion was due by June 6 and filed late, on June 8, 2015. The argument is rejected for two reasons. First, these defendants reasonably relied on the Clerk's docket entry,

which notified them that the filing deadline was June 8, 2015:

| 04/06/2015 | ● 35 | TRIAL PRACTICE SCHEDULE: Discovery due by 4/1/2016. Dispositive Motions due by 5/2/2016. Dispositive Motions re Exhaustion of Administrative Remedies due by 6/8/2015. Signed by Magistrate Judge Stephen C. Williams on 4/6/15. (amv) (Entered: 04/07/2015) |
|---|---|---|

Second, because 3 days are added when the Court calculates the expiration of a deadline set in a document that was delivered by electronic means. Fed. R. Civ. P. 6(d). The motion filed by defendants Fuentes and Nwaobasi is accepted as timely and will be considered.

## II. Rule 56(d) Request

Plaintiff seeks an order denying the motions, arguing that he is not able to obtain adequate discovery, including declarations (Doc. No. 56, p. 1-2). When a nonmovant shows that facts essential to justify its opposition cannot be presented, the Court may deny a summary judgment motion. Fed. R. Civ. P. 56(d). Plaintiff's declaration suggests that he needs evidence from S. Hill, T Knust, M. Hanks, C. Mathis, Angela Crain, and Gilberto Vargas. The materials submitted describe the manner in which plaintiff presented his April 18, 2014, grievance and permit evaluation of the manner in which that grievance was handled at the institutional level. At this phase of the case, the Court will focus on information that can be presented in admissible form. Accordingly, this request is moot.

## III. Exhaustion

Inmates who are unhappy with aspects of their prison confinement are required to exhaust available administrative remedies before turning to the Court for a remedy. 42 U.S.C. §1997(e)(a); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Failure to exhaust is an affirmative defense that must be pleaded and proved by the defendant. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). The state's procedural rules establish the contours of the requirement.

*Jones v. Bock*, 549 U.S. 199, 218 (2007). In other words, to exhaust, inmates must filed complaints and appeals in the place and at the time the prison's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Grievances are intended to give prison administrators an opportunity to address a concern. They do not need to place individual defendants on notice of an impending lawsuit. *Jones*, 549 U.S. at 218.

In Illinois, the grievance procedure for offenders starts with an informal effort to resolve a concern with a correctional counselor, progresses to the institutional level, and ends with a decision by the director, who acts through an administrative review board (ARB). 20 Ill. Admin. Code §§ 504.810, 504.850.

The defendants rely on information obtained from the ARB, showing that the ARB did not receive or process Smith's grievance at the final step in the administrative process. While the information logged by the ARB may be accurate, it is also incomplete. The ARB records do not describe Smith's efforts to obtain an administrative remedy at the institutional level (Doc. Nos. 50-1; 54-1; 54-2).

As noted above, Smith's claim is based on allegations that these defendants failed to provide necessary medical treatment for painful, serious hemorrhoids. Plaintiff has shown that he complied with the initial step in the prison's administrative procedure by preparing a lengthy written grievance on April 18, 2014. He delivered the grievance to correctional officer Hanks on May 20, 2014. Hanks passed the grievance on to S. Hill, a correctional counselor (Doc. No. 1-1, pp. 1-17). Hill chose not to consider or respond to Smith's concerns, choosing instead to forward his grievance to T. Knust, another correctional counselor. Knust also chose to not respond, but forwarded the grievance to Christopher Mathis, another correctional counselor. Without

responding to Smith's grievance or retaining a copy, Mathis forwarded Smith's grievance to Angela Crain, a health care supervisor.

On June 23, 2014, more than a month after Smith first delivered his written grievance to a correctional counselor (his effort to achieve an informal resolution), Smith learned that a response had not been made because Ms. Crain was still reviewing his grievance (Doc. No. 1-1, p. 62).

On July 2, 2014, Ms. Crain sent a memorandum directly to Smith, summarizing information reviewed in his medical record and encouraging him to schedule an appointment with Dr. Trost (Doc. No. 1, p. 8; Doc. No. 1-1, p. 63).

Despite diligent efforts, Smith never received a response from any of the 3 correctional counselors who handled his April 18, 2014, grievance.

In late July, 2014, Smith prepared a duplicate version of his April 18, 2014, grievance and presented the duplicate to Mathis, seeking a counselor's response. Mathis signed the duplicate, backdated it, and added a note indicating that Smith's grievance had been sent to the health care unit (Doc. No. 1, p. 8; Doc. No. 1-1, pp. 1, 59-60, 69).

On August 24, 201, Smith sent the duplicate to the grievance office along with a detailed explanation for the delay (Doc. No. 1-1, pp. 66-67).

On September 8, 2014, D. Dwight, a coordinator for the grievance office, returned the duplicate grievance as untimely, without considering the merits (Doc. No. 1-1, p. 68).

Inmates are not required to complete procedural steps that are effectively unavailable. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The availability of a remedy depends on whether the paper process is in reality open for the inmate to pursue. *Id.* Here, two correctional counselors (S. Hill and T. Knust) received Smith's grievance and refused to respond. A third (C.

Mathis) refused to respond to the original grievance and only responded after Smith provided a duplicate to replace the original. In the interim, Mathis diverted the original grievance to a health care supervisor, who is not a participant in the official grievance procedure. Mathis either could not or did not retrieve Smith's original grievance from the health care supervisor.

The defendants may not demand that inmates take steps beyond those that the administrative rules require. Where prison officials refuse to respond or add additional steps to the grievance process, administrative remedies are not available. *Kaba,* 458 F.3d at 684-85; *Brown v. Croak*, 312 F.3d 109, 111-12 (3rd Cir. 2002).

Smith fully complied with the grievance procedure by submitting the April 18, 2014, grievance to S. Hill, via correctional officer Hanks, on May 20, 2014. Three counselors handled the original grievance, without responding. The lack of a response and diversion of the original grievance to a health care supervisor prevented Smith from proceeding to the next and final steps of the grievance procedure. Smith had no obligation to prepare a duplicate. Because of the correctional counselors' delay and diversion, an administrative remedy was effectively unavailable to Smith.

## IV. Conclusion

The defendants have not satisfied their burden of proof on their affirmative defense. IT IS RECOMMENDED that the motions for summary judgment filed by Angela Crain, Richard Harrington, Gail Walls, Dr. Fuentes, and Dr. Nwaobasi (Doc. Nos. 49, 53) be DENIED.

**SUBMITTED: December 16, 2015**

      s/Philip M. Frazier
**Philip M. Frazier**
**U.S. Magistrate Judge**