UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| TYRIN N. SMITH, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 3:14-cv-1150-SMY-RJD |
| RICHARD HARRINGTON, *et al.* | ) ) ) |  |
| Defendant. | ) |  |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Gail Walls' Post-Trial Motion. (Doc. 202). Plaintiff Tyrin Smith, an inmate in the Illinois Department of Corrections ("IDOC") filed suit on October 23, 2014 (Doc. 1) alleging deprivations of his civil rights by deliberate indifference to his serious medical needs, specifically relating to a delay in the treatment of hemorrhoids. Upon threshold screening pursuant to 28 U.S.C. § 1915A (Doc. 7), the Court found that Smith articulated a colorable Eighth Amendment deliberate indifference to serious medical needs claim against a number of prison and medical officials at Menard Correctional Center, including Gail Walls.

An eight-member jury was impaneled, and a three day jury trial was held between June 19, 2017 and June 21, 2017. On June 21, 2017, the jury returned a unanimous verdict in favor of Plaintiff in the amount of $1,000 against Walls and two of her co-defendants, Samuel Nwaobasi, M.D., and Fe Fuentes, M.D., employees of medical provider Wexford Health Sources, Inc. (Doc. 196). Judgment was entered on June 26, 2017. Defendant Walls filed the instant motion, seeking judgment as a matter of law in her favor under Federal Rule of Civil Procedure 50 and a new trial under Federal Rule of Civil Procedure 59. Plaintiff filed a response (Doc. 205). For the following reasons, Walls' motion is **DENIED.**

## LEGAL STANDARD

Judgment as a matter of law may be entered where "there is no legally sufficient evidentiary basis for a reasonable jury to find for [a] party on [an] issue." Fed. R. Civ. P. 50. The Court must, after reviewing the record and drawing all reasonable inferences in the light most favorable to Plaintiff, determine whether the verdict is supported by sufficient evidence. *Kossman v. Ne. Illinois Reg'l Commuter R.R. Corp.*, 211 F.3d 1031, 1036 (7th Cir. 2000). In determining whether the evidence presented at trial is sufficient to withstand a motion for judgment as a matter of law, the district court is not free to weigh the parties' evidence, pass on the credibility of witnesses, or to substitute its judgment of the facts for that of the jury. *Rivera v. Nash*, 1997 WL 570760, at *1 (N.D. Ill. Sept. 9, 1997). "A trial court should overturn a verdict only where the evidence supports but one conclusion—the conclusion not drawn by the jury." *Ryl–Kuchar v. Care Centers, Inc.*, 565 F.3d 1027, 1030 (7th Cir.2009). Put another way, a jury verdict can be set aside "[o]nly when there is a complete absence of probative facts to support the conclusion reached[.]" *Harbin v. Burlington Northern R. Co.*, 921 F.2d 129, 131 (7th Cir.1990).

Defendant Walls' alternative motion for a new trial is governed by Rule 59(a). A new trial may be granted under Rule 59 if the verdict is against the manifest weight of the evidence or if a prejudicial error occurred. *Romero v. Cincinnati Inc.,* 171 F.3d 1091, 1096 (7th Cir. 1999).

## FACTS

The facts of the case germane to the instant motion are relatively straightforward.[1] Plaintiff first sought treatment at Menard Correctional Center for a hemorrhoid condition on July

---

[1] Except as otherwise noted, the facts as recited are drawn from the parties' stipulation as embodied in the Amended Final Pretrial Order (Doc. 180).

26, 2010. On that date, Plaintiff saw a corrections medical technician ("CMT"), complaining of small internal hemorrhoids. The CMT prescribed Dibucaine ointment and Colace (a stool softener) and advised Plaintiff to apply warm compresses topically to the rectum three times a day. The CMT also advised Plaintiff to increase fluid and fiber intake, and to keep physically active to prevent constipation.

Over the next year, Plaintiff was seen a number of other times for his hemorrhoids by prison medical staff, including physicians. Several staff members noted bleeding, that the hemorrhoids were not resolving, and that Plaintiff complained that the Colace and Dibucaine were not working. Preparation H suppositories and Anusol suppositories were prescribed at various times.

On June 18, 2011, Defendant Dr. Samuel Nwaobasi noted that Plaintiff had a history of external prolapsing hemorrhoids, and concluded that Plaintiff had prolapsing external hemorrhoids on that date. Dr. Nwaobasi renewed Plaintiff's prescriptions for Anusol suppositories, Colace, and Dibucaine, and advised Plaintiff to follow up in 6 months. On July 25, 2011, Plaintiff saw Dr. Fahim and complained about his hemorrhoids. Dr. Fahim prescribed Preparation H suppositories and Colace.

Plaintiff filed a grievance on August 8, 2011, regarding the medical treatment he had been receiving for his hemorrhoid condition. On August 31, 2011, Defendant Gail Walls, the acting Health Care Administrator at Menard, wrote a Memorandum to Plaintiff in response to his August 8, 2011 grievance in which she stated:

> Upon review of your medical records and Health Care Unit assignments, I offer the following: In review of your chart it is noted that since your transfer here in 2010 you have been seen multiple times for your medical complaints with medications and follow ups ordered. There is no indication by the health care professionals that have evaluated your complaint that you have a need for surgical intervention at this time. If you continue to have medical complaints please put in

for sick call so that they may be addressed.

Plaintiff never had any direct personal contact with Walls.

On September 9, 2011, after receiving the Memorandum from Walls, Plaintiff filed an emergency grievance regarding the medical treatment he had been receiving for his hemorrhoids. On September 23, 2011, citing Walls' Memorandum, the grievance officer recommended that Plaintiff's grievance be denied, and on October 3, 2011, the Chief Administrative Officer concurred with that recommendation.

Plaintiff continued to be treated non-surgically until April 4, 2014, when he underwent a hemorrhoidectomy. This appears to have resolved the issue.

At trial, Plaintiff submitted evidence that one of the duties of the Health Care Unit Administrator was to "ensure that patient care and services comply with medical, professional, departmental, and facility policies and procedures." (Doc. 205, citing Plaintiff's Exhibit 12). Walls testified that she did not review Wexford Health Source's treatment guidelines, including those regarding hemorrhoids. She only reviewed and summarized his medical records.

## **DISCUSSION**

Walls asserts that she is entitled to judgment as a matter of law because the evidence shows that she "responded and relied upon medical personnel in the ongoing treatment of plaintiff's serious medical condition." (Doc. 203 at 10). Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. The objective component is that the medical condition is "objectively,

sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Walls concedes that Plaintiff had a serious medical condition.

To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a "sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652–53 (7th Cir. 2005) *quoting Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to inmate health. *Id.* A finder of fact "may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842.

Walls cites to *Greeno* in support of her contention that, because she reviewed Plaintiff's medical records and determined he was receiving treatment, she cannot be held deliberately indifferent to his medical needs. In *Greeno*, the Seventh Circuit found that a "corrections complaint appeals examiner" was not deliberately indifferent when he reviewed the grievance and "verified with the medical officials that [the inmate] was receiving treatment." 414 F.3d at 655-56. Here, however, the evidence at trial was sufficient for the jury to reasonably conclude that, based on her duty as Acting Health Care Administrator to ensure that Plaintiff's medical treatment complied with the "medical, professional, departmental and policy procedures" applicable to that treatment, Walls' failure to review the treatment he had received against the applicable procedures constituted deliberate indifference.

For her Motion for New Trial, Walls asserts that the Court erred in its instruction to the jury on the definition of deliberate indifference. In order to obtain a new trial based on an incorrect jury instruction, a party must establish both that the instruction failed to properly state the law and that the party was prejudiced by the error because the jury was likely to be misled or confused. *Boyd v. Illinois State Police,* 384 F.3d 888, 894 (7th Cir. 2004).

The Court gave the following instruction defining "deliberately indifferent" which tracks Seventh Circuit Pattern Civil Jury Instruction 7.14. (Doc. 191 at 29):

> When I use the term "deliberately indifferent," I mean that a defendant actually knew of a substantial risk of serious harm, and that the defendant consciously disregarded this risk by failing to take reasonable measures to deal with it. In deciding whether Defendant failed to take reasonable measures, you may consider whether it was practical for him or her to take corrective action.
>
> If Defendant took reasonable measures to respond to a risk, then he or she was not deliberately indifferent, even if Plaintiff was ultimately harmed.

Walls contends that the instruction did not adequately explain to the jury that deliberate indifference means more than either negligence or gross negligence. In conjunction with two other IDOC employees who were dismissed prior to the case being sent to the jury, Walls submitted an instruction which included the sentence "Negligence, or even gross negligence, on the part of a prison official is not a constitutional violation." She maintains that the Court's refusal to include this language was error.

The Court remains persuaded that the instruction as given adequately and appropriated instructed the jury. It informed the jury of the requirement of finding that a defendant "consciously disregarded" a serious medical risk in order to find them deliberately indifferent. This in turn adequately captures the subjective element required for a deliberate indifference claim as described above— that the defendant knew of the risk and disregarded it. This very clearly imposes a higher standard than negligence or gross negligence, and renders any further explanation about what does *not* qualify as deliberately indifferent extraneous. As such, the Court did not error in instructing the jury regarding deliberate indifference, and Defendant Walls is not entitled to a new trial on that basis.

For the foregoing reasons, Defendant Gail Walls' Post-Trial Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 16, 2018**

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**